UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELENA ALVAREZ,**

    **Plaintiff,**

vs.   Case No.:

**CITY OF MELBOURNE,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, ELENA ALVAREZ, by and through her undersigned counsel, and sues the Defendant, CITY OF MELBOURNE, and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367, 1441(b) and the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. § 621, *et seq*.

2. Venue lies within United States District Court for the Middle District of Florida, Orlando Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff, ELENA ALVAREZ ("Alvarez" or "Plaintiff"), timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on or about August 7, 2023.

5. More than 180 days have passed since the filing of their charges, respectively. And the EEOC issued Alvarez its Notice of Right to Sue on February 6, 2024.

6. Defendant, CITY OF MELBOURNE ("Melbourne" or "Defendant"), is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

7. Alvarez is a resident of Brevard County, Florida.

8. Melbourne is a municipality located in Brevard County where Plaintiff applied for employment.

## GENERAL ALLEGATIONS

9. At all times material herein, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

10. At all times material herein, Plaintiff was qualified to perform the duties associated with the job that she applied for with the Defendant.

11. Plaintiff has been required to retain the undersigned counsel to

represent her in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

12. Alvarez is a 63 years old woman who has been admitted to the Florida Bar and practicing law since September 21, 1994.

13. On or about April 19, 2023, Alvarez applied for two positions with the City of Melbourne: Assistant City Attorney/Legal Advisor (#01000) and Assistant City Attorney (#00636).

14. Alvarez was well qualified for both positions.

15. Of the two positions that Alvarez applied for, one had four applicants (#01000), but Alvarez was the only applicant for the other (#00636).

16. Alvarez had an initial interview for the positions on May 9, 2023 with Ms. Suzanne Crockett, an Assistant City Attorney and Mr. Adam Conley, an Assistant City Attorney. That interview went well, and a subsequent interview was scheduled.

17. On May 17, 2023, Alvarez had a second interview with Mr. Manny Anon, the City Attorney ("Anon"), which Ms. Deanna Brandon, a City Paralegal, also attended.

18. At that interview, Anon commented on Alvarez's age and asked why she would want the Assistant City Attorney job so late in her career.

19. Anon told Alvarez at the end of the interview that he would have a decision by May 19, 2023 or May 21, 2023.

20. When Alvarez did not hear back by late May, she followed up with the City to determine whether it was still considering her candidacy for either Assistant City Attorney position.

21. Alvarez ultimately learned that she was not selected for either available position—even though she was the only applicant for one of them (#00636).

22. Alvarez also learned that Melbourne instead offered the Assistant City Attorney position (#00636) to another younger, male candidate who had not even applied for it.

## COUNT I
## AGE DISCRIMINATION PURSUANT TO
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA")

23. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 22.

24. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. § 621, *et seq.*

25. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in

violation of the ADEA.

26. Defendant knew, or should have known, of this discrimination.

27. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE,** Plaintiff prays for a judgment against the Defendant for the following relief:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Any other damages allowable at law;

    f. Injunctive relief;

    g. Attorneys' fees and costs; and

    h. For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

28. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 22.

29. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

30. By the conduct described above, Defendant engaged in unlawful

employment practices and discriminated against Plaintiff on account of age in violation of the Florida Civil Rights Act, Florida Statutes Chapter 760.

31.    Defendant knew, or should have known of the discrimination.

32.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Punitive damages;

    f.    Costs and attorney's fees;

    g.    Injunctive relief; and

    h.    Any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII - SEX DISCRIMINATION

33.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 22.

34.    Plaintiff, a female, is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII").

35.    By the conduct described above, Defendant engaged in unlawful

employment practices and discriminated against Plaintiff on account of her sex by refusing to hire Plaintiff for two positions for which she was well qualified.

36. Defendant's adverse employment actions toward Plaintiff were motivated by sex-based considerations.

37. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

38. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

39. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

      h.      Any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 22.

41. Plaintiff, a female, is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

42. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by refusing to hire Plaintiff for two positions for which she was well qualified.

43. Defendant's adverse employment action toward Plaintiff was motivated by sex-based considerations.

44. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

45. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

46. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.      Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    Any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

47.    Plaintiff requests a jury trial for all issues so triable.

**DATED** this 3rd day of April, 2024.

        **FLORIN | GRAY**

        */s/ Scott L. Terry*_____
        **SCOTT L. TERRY, ESQUIRE**
        Florida Bar No.: 77105
        scott@floringray.com
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        wolfgang@floringray.com
        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558
        Telephone (727) 254-5255
        Facsimile (727) 483-7942

        *Trial Attorneys for Plaintiff*