UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELENA ALVAREZ,                           Case No. 6:24-cv-634-JA-LHP

    Plaintiff,

v.

CITY OF MELBOURNE,

    Defendant.
_____/

**DEFENDANT, CITY OF MELBOURNE'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, CITY OF MELBOURNE, by and through its undersigned counsel, hereby responds to Plaintiff's Complaint and Demand for Jury Trial [Doc. 1], and in paragraphs corresponding to those in Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1. Admitted for jurisdictional purposes only. All other allegations and inferences arising therefrom are denied.

2. Admitted for jurisdictional purposes only. All other allegations and inferences arising therefrom are denied.

## ADMINISTRATIVE PREREQUISITES

3. Denied.

4. Admitted Plaintiff signed a Charge of Discrimination on August 7, 2023; otherwise, denied.

5. Denied.

6. Admitted.

## PARTIES

7. Without knowledge; therefore, denied.

8. Admitted.

## GENERAL ALLEGATIONS

9. Denied.

10. Denied.

11. Denied.

## FACTUAL ALLEGATIONS

12. Without knowledge; therefore, denied.

13. Admitted.

14. Denied.

15. Denied.

16. Admitted Plaintiff had an initial interview on May 9, 2023 with Assistant City Attorneys Suzanne Crockett and Adam Conley; otherwise, denied.

17. Admitted Plaintiff had a second interview with City Attorney Manny Anon; otherwise, denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT I
## AGE DISCRIMINATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA")

23. Defendant reasserts its responses to paragraphs 1-22 above as though fully set forth herein.

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – AGE DISCRIMINATION

28. Defendant reasserts its responses to paragraphs 1-22 above as though fully set forth herein.

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

## COUNT III
## TITLE VII – SEX DISCRIMINATION

33. Defendant reasserts its responses to paragraphs 1-22 above as though fully set forth herein.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT – SEX DISCRIMINATION

40. Defendant reasserts its responses to paragraphs 1-22 above as though fully set forth herein.

41. Admitted

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## AFFIRMATIVE DEFENSES

47. As its <u>First Affirmative Defense</u>, Defendant asserts Plaintiff failed to exhaust her administrative remedies and therefore, is not entitled to pursue claims of discrimination against this Defendant.

48. As its <u>Second Affirmative Defense</u>, Defendant asserts any and all claims made by Plaintiff in her Complaint not specifically set forth in a timely filed complaint or charge of discrimination with the Equal Employment Opportunity Commission or any deferral agency, cannot be the basis for any claim of discrimination against this Defendant and, therefore, Plaintiff is barred from recovering against Defendant based upon any such claims.

49. As its <u>Third Affirmative Defense</u>, Defendant asserts it has a well-disseminated and consistently enforced policy against discrimination and retaliation, as well as a reasonable and available procedure for receiving and investigating alleged complaints of discrimination. To the extent that Plaintiff unreasonably failed to use or otherwise avail herself of these policies and procedures, her claims are barred.

50. As its <u>Fourth Affirmative Defense</u>, Defendant asserts Plaintiff's Complaint is barred because any actions taken by Defendant against Plaintiff were based on legitimate, non-discriminatory, reasonable factors other than Plaintiff's sex or age.

51. As its <u>Fifth Affirmative Defense</u>, Defendant asserts Plaintiff has failed to mitigate her damages by making a good-faith effort to conduct an effective job search for similar employment and by failing to avail herself of available mental and emotional health services.

52. As its <u>Sixth Affirmative Defense</u>, Defendant asserts Plaintiff's Complaint is barred in whole or in part because even if any adverse employment actions by Defendant toward the Plaintiff were motivated in part by virtue of any of Plaintiff's alleged protected classes, <u>which they were not</u>, the same decisions would have been made with respect to Plaintiff regardless of the alleged protected class.

53. As its <u>Seventh Affirmative Defense</u>, Defendant asserts any claims for discrimination are barred or recovery of damages is precluded because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory conduct.

Case 6:24-cv-00634-JA-LHP   Document 10   Filed 05/02/24   Page 7 of 8 PageID 38

54. As its <u>Eighth Affirmative Defense</u>, Defendant asserts it is entitled to an offset against any alleged lost income for any amounts earned or which could have been earned by any Plaintiff.

55. As its <u>Ninth Affirmative Defense</u>, Defendant asserts any employment decision, comment or action of which Plaintiff complains did not constitute an adverse employment action.

56. Defendant reserves all rights to amend its Answer and Affirmative Defenses to add affirmative defenses at any time.

WHEREFORE, Defendant, having fully answered the Plaintiff's Complaint, respectfully requests:

1. Judgment to be entered in its favor and all claims asserted in the Complaint be dismissed with prejudice.

2. Judgment to be entered against Plaintiff and in favor of CITY OF MELBOURNE for all costs and attorneys' fees incurred by CITY OF MELBOURNE in the defense of this action; and

3. Defendant, CITY OF MELBOURNE has and recovers such other relief as the Court may deem just and proper.

7

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury as to all issues so triable.

**I HEREBY CERTIFY** that on May 2, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Scott L. Terry, Esquire and Wolfgang M. Florin, Esquire, FLORIN, GRAY, 16524 Pointe Village Drive, Suite 100, Lutz, Florida 33558.

*Patricia Rego Chapman*
DOUGLAS T. NOAH, ESQ.
Florida Bar No. 0863970
PATRICIA REGO CHAPMAN, ESQ.
Florida Bar No. 0085309
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
DNoah@drml-law.com
PChapman@DRML-Law.com
Attorneys for Defendant