# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELENA ALVAREZ,**

        Plaintiff,

v.                                        Case No. 6:24-cv-634-JA-LHP

**CITY OF MELBOURNE,**

        Defendant.
_____

## ORDER

Before the Court in this employment discrimination case is the summary judgment motion of Defendant, City of Melbourne (the City). (Doc. 23). Plaintiff, Elena Alvarez, has filed a response in opposition (Doc. 26), and the City has filed a reply (Doc. 28) in support of its motion. Because Alvarez fails to present direct evidence of discriminatory intent, or circumstantial evidence satisfying the burden-shifting framework under *McDonnell Douglas*,[1] or a convincing mosaic of circumstantial evidence warranting an inference of discrimination, the City's motion (Doc. 23) must be granted.

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

I.  BACKGROUND

Since 1994, Alvarez, a woman in her sixties, has been practicing law as a Florida Bar admittee. In April 2023, Alvarez applied for two positions with the City: Assistant City Attorney/Legal Advisor (#01000) and Assistant City Attorney (#00636). The positions' descriptions were largely similar, but not identical; position #01000 emphasized that it included providing legal services to the City's police department.

The City's computer platform, NEOGOV, screened the applications to determine whether applicants met the minimum qualifications for the positions. Alvarez was one of seven applicants for position #01000 who met the minimum qualifications and one of three applicants for position #00636 who did so. Manny Anon, the City Attorney, received the screened applicants. Anon was responsible for selecting qualified applicants for interviews. To assist him, Anon asked two Assistant City Attorneys, Suzanne Crockett and Adam Conley, to review and rank the applicants. In ranking the applicants, Conley and Crockett did not distinguish between positions #01000 and #00636. They then conducted preliminary interviews of applicants that they considered to be the top four.[2] Anon then interviewed the same four applicants, not distinguishing between positions #01000 and #00636 either. Alvarez was the only applicant interviewed

---

[2] Crockett ranked Alvarez second, and Conley ranked her fourth. (Doc. 23-18).

2

who had applied for position #00636. (Doc. 26-2 at 3).

Conley and Crockett interviewed Alvarez on May 9, 2023, and Anon interviewed her on May 17th. Anon's paralegal, Deanna Brandon, sat in on Alvarez's interview with Anon. (Doc. 23-4 at 12; Doc. 26-1 at 6, 11–12). Brandon described Alvarez's second interview as "awkward." (Doc. 26-1 at 19). Instead of speaking with Alvarez about her qualifications, Anon asked questions that made Brandon believe "that he was using [Alvarez's] age as a factor against her in the decision making process." (*Id.* at 19–20, 29–31). At the end of the interview, Anon told Alvarez that he would have a hiring decision in several days. (Doc. 23-4 at 11–12; Doc. 23-8 at 2).

When Alvarez did not hear back by late May, she followed up with the City and discovered that she had not been selected for either of the two posted positions. (Doc. 23-8 at 3). Instead, Anon had initiated negotiations with two other candidates, Kellen Simmons and Renee Torpy, neither of whom had applied for position #00636. (Doc. 23-1 ¶¶ 5, 16, 17). On June 2, Alvarez filed a public records request seeking information about the applications for the positions. (Doc. 23-23; Doc. 26-1 at 24). She received some documents responsive to her request. About a week later, she contacted the City for information on why she was not selected for position #00636, as she was the only applicant interviewed. (Doc. 26-2 at 3). By that time, the City's Human Resources department was already investigating the recruitment process. (*Id.*).

3

On June 9, the City's Director of Human Resources and Risk Management, Dr. Kimberly Foxworth, prepared a memorandum for the City Manager, Jenni Lamb, noting that Anon "knowingly circumvented the recruitment process." (Doc. 23-24 at 5). Anon had recommended candidates for jobs they had not applied for and had withheld documents from Alvarez's public records request. (*Id.*). Foxworth recommended closing the recruitment process, noting that Anon may have potentially exposed the City to liability. (*Id.*).

Based on Foxworth's recommendation (Doc. 23-26 at 1), Lamb, who had ultimate hiring authority, (Doc. 23-2 ¶ 11), chose to close the recruitment process for the positions. No one was hired for either position. Instead, Lamb chose to repost two Assistant City Attorney positions using a single reposting.

The reposting's description was nearly identical to the original postings. (Doc. 23-6; Doc. 23-7; Doc. 23-12; Doc. 23-26). Lamb directed Foxworth to notify all of the original applicants of the reposted positions. (Doc. 23-26 at 1). Foxworth testified that those notices are typically sent by the NEOGOV system. (*Id.*; Doc. 26-3 at 41). Brandon testified that Anon invited Simmons and Torpy to apply for the reposted positions but did not invite Alvarez. (Doc. 26-1 at 27–28). Alvarez explained that she "figured that a job would be [re]posted," (Doc. 23-4 at 94), but she did not apply again because she "felt [she] would be discriminated against again," (*Id.*). Ultimately, one offer for a reposted position was extended—"to Simmons, a male candidate substantially younger than"

4

Alvarez. (Doc. 26-3 at 45–46). The other reposted position was not filled.

Based on the City's failure to hire her, Alvarez filed this action asserting claims for: age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 (Count I); age discrimination under the Florida Civil Rights Act (FCRA), Ch. 760, Fla. Stat. (Count II); sex discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e (Count III); and sex discrimination under the FCRA (Count IV). Now, the City moves for summary judgment. (Doc. 23).

## II. LEGAL STANDARDS

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating that no genuine issues of material fact remain. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). To satisfy its burden, the nonmoving party "must

do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party "must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

At the summary judgment stage, the Court's role is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. "In essence, . . . the inquiry . . . is . . . whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In deciding whether a genuine dispute of material fact exists, the Court views the evidence and draws all factual inferences in the light most favorable to the nonmoving party and likewise resolves any reasonable doubts in favor of the nonmoving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).

## III. DISCUSSION

The City moves for summary judgment, arguing that there is no genuine dispute of material fact regarding whether it discriminated against Alvarez on

the basis of age or sex when it did not hire her.

### A. Age discrimination (Counts I and II)

Age discrimination claims brought under the FCRA are analyzed under the same legal standards as age discrimination claims brought under the ADEA. *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014). For Alvarez's age discrimination claims to survive summary judgment, she must present evidence showing there is a genuine issue of material fact "that age was the 'but-for' cause of the challenged employer decision." *Id.* at 1270 (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)). To make such a showing, Alvarez must either (1) "present[] direct evidence of discriminatory intent," or (2) present circumstantial evidence "satisfying the burden-shifting framework set out in *McDonnell Douglas*," or (3) "demonstrat[e] a convincing mosaic of circumstantial evidence that warrants an inference of intentional discrimination." *Reeves v. Columbus Consol. Gov't*, No. 23-11463, 2024 WL 33903, at *1 (11th Cir. Jan. 3, 2024) (per curiam) (quoting *Lewis v. City of Union City*, 918 F.3d 1213, 1220 & n.6 (11th Cir. 2019)) (internal quotation marks omitted); *see Clark v. S. Broward Hosp. Dist.*, 601 F. App'x 886, 895 (11th Cir. 2015). Alvarez's age discrimination claims do not survive summary judgment under any of these approaches.

#### 1. Direct evidence

Direct evidence of discrimination includes "only the most blatant remarks,

7

whose intent could mean nothing other than to discriminate on the basis of some impermissible factor." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (quoting *Rojas v. Florida*, 285 F.3d 1339, 1342 n.2 (11th Cir. 2002)), *abrogated on other grounds by Lewis*, 918 F.3d 1213. Alvarez has not presented direct evidence of age discrimination here.

Alvarez asserts that there is direct evidence of age discrimination in the form of Brandon's deposition testimony that: (1) during Alvarez's interview with Anon, Anon said he was the same age as Alvarez and then immediately asked why Alvarez would want the positions at that point in her career; (2) after Alvarez's interview with Anon, Anon noted Alvarez was his age, so he did not think it would be a good move for her at that point in her career; and (3) when discussing the candidates, Anon noted to Brandon that Alvarez was an older woman from Cuba, unlike the much younger American woman, Torpy, he had recommended for one of the initial positions. (Doc. 26 at 10; Doc. 26-1 at 19–20, 23, 29–31). But these comments are not direct evidence because they require an inference that Anon was discriminating based on age in not recommending Alvarez. And ultimately, the initial positions were not filled, and Alvarez did not apply for the reposted positions. Thus, Alvarez has not presented direct evidence that age was the but-for cause of the City's failure to hire her.

### 2.    *McDonnell Douglas* burden-shifting framework

To succeed under the *McDonnell Douglas* burden-shifting framework, a

plaintiff must first establish a *prima facie* case of age discrimination. *Mazzeo*, 746 F.3d at 1270 (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000)). If the plaintiff establishes a *prima facie* case, the burden "shifts to the employer 'to articulate a legitimate, nondiscriminatory reason for the challenged employment action.'" *Id.* (quoting *Chapman*, 229 F.3d at 1024). If the employer articulates at least one nondiscriminatory reason, the plaintiff has "the opportunity to show that the employer's stated reason is merely a pretext for discrimination." *Id.* (citing *Chapman*, 229 F.3d at 1024).

Alvarez fails to establish a *prima facie* case of age discrimination. To present a *prima facie* case of discriminatory failure to hire based on age, Alvarez must present evidence: (1) that she was a member of the protected class of persons forty years of age and older, (2) that she was not hired for a position that she applied to, (3) that she was qualified for the position, and (4) that a substantially younger person filled the position that she sought. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998).

It is undisputed that Alvarez establishes the first and third elements of her *prima facie* case because she is 63 years of age and was qualified for the positions. But although it is also undisputed that the person hired for a reposted position was substantially younger than Alvarez, Alvarez fails to establish the second element with regard to the reposted position because she did not apply to the reposted positions despite being aware of the opportunity to do so. And

Alvarez fails to establish the fourth element with regard to the positions for which she did apply because the City did not hire anyone for the positions initially posted. (Doc. 23 at 19).

Alvarez has not presented evidence that creates a genuine dispute of material fact as to whether she applied for the reposted positions. She does not dispute that she knew the positions would be reposted, but she nevertheless chose not to apply for them. (Doc. 23 at 19). Alvarez argues that Anon specifically invited the two candidates that he initially recommended to reapply to the reposted positions but did not invite her. (Doc. 26 at 14). But she does not—and cannot—dispute that she and the other initial candidates had notice of the reposting and were by the City invited to reapply.

The City presents a copy of an email from Lamb to Anon and Foxworth, directing human resources to "notify **ALL candidates** of the decision to close and re-apply." (Doc. 22-26 at 1). Dr. Foxworth explained in her deposition that such notifications are automatically sent out by the NEOGOV system. (Doc. 26-3 at 41; Doc. 23-27); *compare Baggett v. Ga. Inst. of Tech.*, No. 1:07-cv-1399, 2008 WL 11322927, at *20 (N.D. Ga. Dec. 9, 2008) (finding the plaintiff did not establish a *prima facie* case of discrimination where she did not apply for reposted position or present evidence that the reposted position was filled), *with Joshi*, 763 F.2d at 1234–35 (finding that although the plaintiff did not apply for a reposted position, she was an applicant for it where she was told that she was

10

being considered for the initial position that she had applied for, she had not withdrawn her application, and she was not told to file a new application). Lack of notice of the reposting was not the reason that Alvarez did not apply for the reposted positions. Thus, Alvarez has not presented evidence satisfying the second element of the *prima facie* case with regard to the reposted positions—that she was not hired for a position that she applied to.

And Alvarez fails to establish the fourth prong of a *prima facie* case—that a substantially younger person filled the position that she sought with regard to the initial positions. This is because no one was hired to fill those positions.

For these reasons, Alvarez has not presented a *prima facie* case of age discrimination based on failure to hire under the *McDonnell Douglas* burden-shifting framework.

### 3. Convincing mosaic inquiry

Likewise, Alvarez does not present a "convincing mosaic" of circumstantial evidence that warrants an inference of intentional age discrimination. "[T]he convincing mosaic inquiry is identical to the final stage of the *McDonnell Douglas* framework: both ask whether there is enough evidence for a reasonable jury to infer intentional discrimination." *Ossmann v. Meredith Corp.*, 82 F.4th 1007, 1020 (11th Cir. 2023) (citing *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1326, 1328 (11th Cir. 2011)). But rather than requiring a step-by-step analysis like *McDonnell Douglas*, the convincing

11

mosaic inquiry requires consideration of the totality of the circumstances. *Reeves*, 2024 WL 33903, at *2 (quoting *Yelling v. St. Vincent's Health Sys.*, 82 F.4th 1329, 1342 (11th Cir. 2023)). "That evidentiary picture may include, 'among other things,' (1) suspicious timing or ambiguous statements, (2) systematically better treatment of similarly situated employees, and (3) pretext." *Yelling*, 82 F.4th at 1342 (quoting *Lewis*, 934 F.3d at 1185).

Alvarez does not present a "convincing mosaic" of circumstantial evidence warranting an inference of intentional age discrimination. For example, the timing of the decision to abandon the initial hiring process is not suspicious because Alvarez's email message to the City questioning why she was not selected does not mention age discrimination—nor is age discrimination mentioned in Foxworth's memo. (Doc. 23-24; Doc. 23-8 at 5). And Alvarez presents no evidence that the City systemically treats younger applicants better. Nor does she present evidence of pretext because the City provides legitimate, nondiscriminatory reasons for its non-hiring decision—it did not hire anyone for the originally-posted positions and Alvarez did not apply for the reposted positions—that she does not rebut. And when the City reposted the positions, Anon agreed to have a staff member from human resources attend the interviews. (Doc. 23-26 at 3–4). Thus, considering the totality of the circumstances, Alvarez does not present a convincing mosaic of circumstantial evidence that warrants an inference of intentional discrimination.

12

Accordingly, summary judgment is granted as to Counts I and II.

**B.     Sex discrimination (Counts III and IV)**

Sex discrimination claims brought under the FCRA are analyzed under the same legal standards as sex discrimination claims brought under Title VII. *Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1310 (11th Cir. 2007). For Alvarez's sex discrimination claims to survive summary judgment, she must present evidence showing there is a genuine issue of material fact that her "sex was at least a 'motivating factor' in the employer's decision, even though other factors also may have motivated the decision." *King v. HCA*, 825 F. App'x 733, 736 (11th Cir. 2020) (per curiam) (unpublished) (quoting 42 U.S.C. § 2000e-2(m)).[3] Like with her age discrimination claims, to make such a showing, Alvarez must either (1) "present[] direct evidence of discriminatory intent," or (2) present circumstantial evidence "satisfying the burden-shifting framework set out in *McDonnell Douglas*," or (3) "demonstrat[e] a convincing mosaic of circumstantial evidence that warrants an inference of intentional discrimination." *Reeves*, 2024 WL 33903, at *1 (quoting *Lewis*, 918 F.3d at 1220 & n.6) (internal quotation marks omitted); *see Clark*, 601 F. App'x 886, 895 (11th Cir. 2015).

---

[3] Plaintiff "generally must introduce some evidence indicating that the employer's stated, non-discriminatory reason for its action is not credible and that the decision was actually motivated by unlawful discrimination." *King*, 825 F. App'x at 736 (citing *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1265 (11th Cir. 2010)).

### 1. Direct evidence

Alvarez contends that she presents direct evidence of sex discrimination, relying on Brandon's deposition testimony recounting that Anon called Alvarez a "crazy bitch" and said she "would never get a job at the City." (Doc. 26 at 19; Doc. 26-1 at 24). But Anon's comment requires an inference that Alvarez's sex was a motivating factor in the City's non-hiring decision. *See Wilson*, 376 F.3d at 1086. At best, an inference would be required to reach that conclusion. Because Alvarez does not present direct evidence of sex discrimination, the Court proceeds with the *McDonnell Douglas* burden-shifting framework and the convincing mosaic inquiry.

### 2. *McDonnell Douglas* burden-shifting framework

The elements of a *prima facie* case of sex discrimination are very similar to those for a *prima facie* case of age discrimination: (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for the position and applied for it; (3) the employer did not consider the plaintiff for the position despite her qualifications; and (4) equally or less qualified individuals outside of the plaintiff's protected class were considered or hired for the position. *Underwood v. Perry Cnty. Comm'n*, 431 F.3d 788, 794 (11th Cir. 2005).

Alvarez has not presented a *prima facie* case of sex discrimination. She fails to establish the fourth element with regard to the initial positions—for

which she applied—because a female candidate was recommended for one of the two positions and ultimately, those positions were not filled by anyone.

Alvarez also fails to state a *prima facie* case of sex discrimination as a basis for her not being hired for the positions described in the reposting. As discussed, she fails to present evidence supporting the second prong of the *McDonnell Douglas* framework—that she applied for the position. Thus, Alvarez again fails to establish a *prima facie* case of sex discrimination.

### 3. Convincing mosaic inquiry

Alvarez has also not presented a convincing mosaic of circumstantial evidence supporting an inference of sex discrimination. She relies on a single comment from Anon calling her a "crazy bitch" as the basis for her sex discrimination claim. But this comment is insufficient by itself to show that Alvarez's sex was a motivating factor in the City's non-hiring decision. And Alvarez does not rebut the legitimate, nondiscriminatory reasons that the City gave for its non-hiring decision—that no one was hired for the first positions and Alvarez did not apply for the reposted positions.

Accordingly, summary judgment is granted on Counts III and IV.

## IV. CONCLUSION

For the reasons explained above, it is **ORDERED** that the City's motion for summary judgment (Doc. 23) is **GRANTED**. All other pending motions are **DENIED as moot**. The Clerk is directed to enter a judgment providing that

Plaintiff takes nothing from Defendant on her claims in this case and thereafter to close this case.

      **DONE** and **ORDERED** in Orlando, Florida, on September 22ʳᵈ, 2025.

                                                JOHN ANTOON II
                                    United States District Judge

Copies furnished to:
Counsel of Record